IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KERRIS TENNILE HARRIS, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0008 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner KERRIS TENNILE HARRIS wherein he challenges the results of a prison disciplinary proceeding. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus should be DENIED.

I.
BACKGROUND

It appears petitioner is in respondent's custody pursuant to a judgment and 6-year sentence for the felony offense of possession of a controlled substance out of the 320th Judicial District Court of Potter County, Texas. *State v. Harris*, No. 42,430. Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceeding is unnecessary as petitioner complains solely of a disciplinary proceeding which took place at the Formby Unit in Plainview,

Texas. At the time petitioner filed the instant habeas application he was confined in the Jordan Unit in Pampa, Texas.

## II.
## DISCIPLINARY PROCEEDING

Petitioner avers he was charged, in Cause No. 20030308730, with the offense of rioting and fighting at the Formby Unit, such offense alleged to have occurred on July 6, 2003. It appears that on or about July 25, 2003, a Hearing Officer conducted a prison disciplinary proceeding on the charges levied against petitioner. It appears petitioner was present at the hearing and asserted he was not involved in the fighting. At the conclusion of the hearing, the hearing officer apparently found petitioner guilty of participating in a riot and fighting. Petitioner avers he was punished with the forfeiture of 200 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner avers he filed a Step 1 grievance which was denied on August 1, 2003 with the following comment:

> Based on the evidence submitted as part of the investigation into the incident on 7/6/03, you were determined to be a participant. This evidence includes but is not limited to a video tape surveillance and witness testimony. There were no procedural errors found and the punishment imposed was within the established guidelines. Therefore, the findings of disciplinary will stand.

According to petitioner, he then filed a Step 2 grievance which was denied on September 8, 2003 with the following comment:

> Major disciplinary case has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. The case documentation indicates that all of the offenders admitted involvement during the investigation. The charging officer testified that you were

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

fighting and that you were identified from the video tape. All due process requirements were satisfied and the punishment assessed by the disciplinary hearing officer was within guidelines. No further action is warranted.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the July 25, 2003 disciplinary proceeding in the following respects:

1. There was insufficient evidence to find him guilty because the videotape of the riot/fight was not introduced at the hearing to corroborate the charging officer's testimony that the tape showed petitioner was a participant;

2. The Hearing Officer was not an impartial decision maker as shown by his failure to find even one person not guilty, and the Hearing Officer abused his discretion in failing to review the videotape of the alleged incident which, petitioner contends, would have proven petitioner's innocence; and

3. The Hearing Officer failed to follow TDCJ-CID rules in that he failed to set forth in the record any reason as to why petitioner's hearing was not held within seven (7) days of the alleged violation.

## III.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3)

a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In his first ground, petitioner appears to claim the evidence was insufficient to convict him because the videotape of the riot/fight was not introduced at the hearing in order to corroborate the charging officer's testimony that the tape showed petitioner was a participant. Based on the responses to petitioner's grievances, it appears the hearing officer relied on the charging officer's report and testimony at the hearing, in addition to other witness testimony, in making his determination of petitioner's guilt. Apparently the charging officer testified petitioner was fighting and was identified from the video tape. The grievance record also indicates "all of the offenders" admitted involvement in the riot/fight during the investigation of the incident.

This Court is not to review the sufficiency of the evidence in a prison disciplinary proceeding. A finding of guilt requires only the support of *some facts, or any evidence at all*. The evidence apparently relied upon by the hearing officer, *i.e.*, the charging officer's report and testimony, witness testimony, and the admissions of all of the offenders, constitutes *some evidence* and, thus, is sufficient to support the disciplinary conviction. Corroboration of the charging officer's testimony was not necessary to preserve petitioner's right to due process. Consequently, petitioner's first claim must fail.

In his second ground, petitioner argues the Hearing Officer was not an impartial decision maker as shown by his failure to find even one person not guilty. He also argues the Hearing Officer abused his discretion in failing to review the videotape of the alleged incident which, petitioner contends, would have proven petitioner's innocence.

Petitioner's allegation that the Hearing Officer was not an impartial decision maker is conclusory. Petitioner offers nothing to demonstrate the officer was not fair and neutral other than the fact that everyone charged with violating the disciplinary rule was determined to be guilty of the charged offense. Findings of other involved parties' guilt do not, in any way, demonstrate the officer's impartiality. Petitioner has presented nothing to substantiate or support his allegation that the officer had undue bias or preconceived opinions. Conclusory allegations do not raise a constitutional issue for habeas review, and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Petitioner also contends the Hearing Officer abused his discretion in failing to review the videotape. Petitioner offers no evidence to show the Hearing Officer did not, in fact, review the videotape at some point. Even so, the officer was not obligated to review the videotape as he had already received a report and testimony as to the content of the tape. The Hearing Officer did not abuse his discretion in failing to review said tape. Petitioner's second ground is without merit.

In his third ground, petitioner argues he was denied federal constitutional due process because the Hearing Officer failed to follow TDCJ-CID rules. Specifically, petitioner argues he was denied due process because the officer failed to set forth in the record any reason as to why petitioner's disciplinary hearing was not held within seven (7) days of the alleged violation.

Section IV.C.1.of the *Disciplinary Rules and Procedures for Offenders* provides:

> Whenever possible, major disciplinary hearings shall be scheduled as soon as practicable, but not later than seven days, excluding weekends and holidays, after the alleged violation. <u>If the offender is not given a hearing within seven business days, the reason therefor shall be set forth in the record of the hearing</u>. . . . In any event, the disciplinary hearing shall be held within twenty (20) days after the offender is served with notice. If a hearing cannot be held within twenty (20) days due to unforeseen circumstances (e.g. the accused is temporarily transferred to another unit), the time limit may be extended to forty-five (45) days with the warden's written approval. If a hearing cannot be held within forty-five-(45) days due to unforeseen circumstances, t he time limit may be extended with the regional director's written approval, including the reason for the delay before the hearing is held. . . .

From petitioner's habeas application, it appears the riot/fight with which petitioner was charged occurred on July 6, 2003. It further appears petitioner's disciplinary hearing was held on July 25, 2003, fifteen (15) business days after the incident.[2] The Court has not been provided a copy of the disciplinary record. Thus, solely for purposes of this discussion, the Court will assume extenuating circumstances did not exist, and that the Hearing Officer did not set forth a reason, in the record of the hearing, for the 8-day delay in holding the disciplinary hearing.

A complaint that TDCJ-CID did not follow its own administrative rules is not within the scope of federal review and is not cognizable herein. Federal habeas corpus review is available only for the vindication of rights existing under <u>federal law</u>, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of

[2]Petitioner's disciplinary hearing was clearly held within twenty (20) days from the date he was served notice as twenty days had not passed between the date of the incident and the date of the hearing.

prison officials to follow their own rules does not establish a constitutional violation).

Consequently, petitioner's third ground is without merit and should be denied.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of March 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).